IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-76-FL

| | | |
|---|---|---|
| HOMETOWN PUBLISHING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KIDSVILLE NEWS!, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (DE 6). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R"), (DE 23), wherein it is recommended that defendant's motion be denied, to which defendant timely filed objections, responded to by plaintiff. Also before this court is a motion for entry of default, (DE 29), wherein plaintiff seeks to show a failure to defend under Rule 55(a), predicated on issues concerning representation. While the response time to that motion has not yet run, the court deems that motion susceptible to decision. There also is pending a motion to withdraw as attorney for defendant, (DE 28), now ripened, to which no response was made. In this posture, the issues raised are ripe for ruling. For the reasons stated more specifically below, the court adopts the recommendation of the magistrate judge and denies defendant's motion to dismiss, denies the motion for entry of default, and allows the motion to withdraw.

**STATEMENT OF THE CASE**

Plaintiff, a New Jersey limited liability company, publishes newspapers and free community papers. As deduced from the complaint and integral documentation, plaintiff approached defendant, a North Carolina corporation which owns certain trademarks and content utilized in its publication KIDSVILLE NEWS! ® and sought to license and distribute that free publication. The parties memorialized their agreement in a Publisher License Agreement ("Agreement"). Plaintiff contends defendant violated the North Carolina Unfair and Deceptive Trade Practices Act (the "UDTPA" or the "Act"), N.C. Gen. Stat. §§ 75-1.1 *et seq,*[1] by failing to provide to it disclosure documents under the theory defendant is a franchisor.

The Agreement granted plaintiff "a non-exclusive, non-transferable license to use [defendant's] Trademarks in connection with publishing [KIDSVILLE NEWS! ®] in [New Jersey and New York]." (Compl ¶6; see also Agreement, at 2).[2] Plaintiff complains the lack of required disclosures prevented it from fully evaluating "whether there were any red flags which would have cautioned Plaintiff to slow down and evaluate more fully the opportunity being offered by Defendant." (Compl ¶21). Plaintiff seeks damages in excess of $350,000.00 and a declaration rescinding the Agreement.

Defendant filed the instant motion to dismiss March 11, 2014. (DE 6). Defendant disputes any characterization that the Agreement created a franchise. Even if it did, defendant argues that

---

[1] Plaintiff also alleged a fraud by omission claim, but dismissed that claim in response to the instant motion to dismiss April 4, 2014.

[2] While the Agreement is attached to plaintiff's response (DE 19), it is referenced in and integral to the complaint, and thus may be considered without converting the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) into one for summary judgment under Rule 56. See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004).

2

plaintiff, an out-of-state business entity, cannot avail itself of the protections of the UDTPA, because it suffered no detrimental impact on any business operations in North Carolina. With the parties consent, the court stayed all discovery, except initial disclosures, pending resolution of the motion to dismiss. The court turns to the motions at issue below, addressing first the motion to dismiss.

## DISCUSSION

**A.      Motion to Dismiss**

     **1.      Standard of Review**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a

3

cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**2. Analysis**

Defendant's alleged violation of the UDTPA stems from the nature of its relationship with plaintiff. Plaintiff contends defendant is a franchisor and plaintiff's relationship with defendant is properly characterized as one of franchisor-franchisee rather than licensor-licensee. Franchisors are subject to rules promulgated by the Federal Trade Commission requiring disclosure of certain information, including financial information, prior to the sale of a franchise. See 16 C.F.R. § 436.1 *et seq.*(the "Franchise Rule"). Specifically, the Franchise Rule provides

> In connection with the offer or sale of a franchise to be located in the United States . . . , unless the transaction is exempted . . . it is an unfair or deceptive act or practice . . . [f]or any franchisor to fail to furnish a prospective franchisee with a copy of the franchisor's current disclosure document . . . at least 14 calendar-days before the prospective franchisee signs a binding agreement with, or makes any payment to, the franchisor.

4

16 C.F.R. § 436.2. Plaintiff asserts defendant, as a franchisor, violated the UDTPA by holding itself out as a licensor and failing to make the disclosures required by the Franchise Rule.

The UDTPA provides that "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce are declared unlawful." N.C. Gen. Stat. § 75-1.1(a). "In order to establish a *prima facie* claim for unfair trade practices, a plaintiff must show: (1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." Dalton v. Camp, 353 N.C. 647, 656 (2001). In certain circumstances, plaintiff must also allege egregious or aggravating circumstances before the UDTPA may apply. Id. at 657. The egregious circumstances requirement serves to set statutory unfair trade practices claims apart from common law breach-of-contract claims. See Branch Banking & Trust Co. v. Thompson, 107 N.C. App. 53, 62 (1992); see also Bartolomeo v. S.B. Thomas, Inc., 889 F.2d 530, 535 (4th Cir. 1989); Broussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 346-47 (4th Cir. 1988).

Defendant raises two objections to the M&R. First, defendant objects to the M&R's determination that the UDTPA applies to this case. Defendant argues plaintiff suffered no harm in North Carolina and therefore cannot avail itself of the UDTPA. Second, defendant objects to the conclusion that defendant did not challenge in its motion to dismiss the sufficiency of plaintiff's allegations supporting plaintiff's UDTPA claim. The court will construe defendant's objection as contesting the determination plaintiff had sufficiently pleaded the commerce requirement and the substantial aggravating circumstances requirement of a UDTPA claim.

### a. Application of the UDTPA

Defendant argues in brief that plaintiff suffered no in-state injury and therefore should not be allowed to bring a UDTPA claim. However, defendant essentially argues that application of the UDTPA in this case violates either the Due Process or Commerce Clause of the United States Constitution.

Regarding the due process issue, many of the cases in support of defendant's argument address the issue in one of two ways, either as a lack of personal jurisdiction or as an unconstitutional application of North Carolina law where the cause of action has only an attenuated connection to the state. See Dowless v. Warren-Rupp Houdailles, Inc., 800 F.2d 1305, 1306-07 (4th Cir. 1986) (discussion application of the UDTPA through the lense of personal jurisdiction); Am. Rockwool, Inc. v. Owens-Corning Fiberglas Corp., 640 F. Supp. 1411, 1427 (E.D.N.C. 1986) (discussing the UDTPA's applicability as a choice-of-law issue).

Turning first to the personal jurisdiction analysis, the court must determine whether the North Carolina long-arm statute is applicable, and if so, whether the exercise of that statutory power will violate the [D]ue [P]rocess [C]lause of the United States Constitution." Dowless, 800 F.2d at 1306. Addressing the first step, the court finds that N.C. Gen. Stat. § 1-75.4(3) permits personal jurisdiction over defendant. That statute provides, "A [North Carolina] court . . . has jurisdiction over the person served in an action . . . [i]n any action claiming injury to person or property . . . within or without this State arising out of an act or omission within this State by the defendant." N.C. Gen. Stat. § 1-75.4(3).

The facts before the court clearly support the conclusion that plaintiff complains of defendant's in-state conduct. In particular, the complaint alleges that "all or a substantial portion

of the events" giving rise to plaintiff's UDTPA claim transpired in North Carolina. (Compl. ¶5).[3] Further, the Agreement between the parties was both executed and performed in North Carolina. (Agreement, at 10). From this information the court may infer negotiations occurred in North Carolina. If the Franchise Rule was violated, the violation occurred near the time the defendant executed the contract, in North Carolina, without making the required disclosures. Thus, taking the allegations in the complaint in the light most favorable to plaintiff, the court concludes that any violation of the Franchise Rule constitutes a local act.

Defendant suggests, however, the court must analyze personal jurisdiction over UDTPA claims through the lense of § 1-74.4(4), which other courts have interpreted to require an in-state injury in the context of such claims. See, e.g., 'In' Porters, S.A. v. Hanes Printables, Inc., 663 F. Supp. 494, 501 (M.D.N.C. 1987). The assumption on which defendant's argument is predicated is simply not true. While Dowless and another case, Vishay Intertechnology, Incorporated v. Delta International Corporation, 696 F.2d 1062 (4th Cir. 1982), address extraterritorial application of the UDTPA through § 1-75.4(4), the facts of those cases compel such a result where defendant's were out-of-state entities engaged in conduct that occurred wholly outside the state of North Carolina. Dowless, 800 F.2d at 1307; Vishay, 696 F.2d at 1067. Indeed, application of § 1-75.4(4) where an out-of-state defendant acts out of state is also supported by North Carolina case law. See Hankins v. Somers, 39 N.C. App. 617, 620-21 (1979), disc. rev. denied, 297 N.C. 300 (1979). However, the facts before the court involve neither an out-of-state act nor an out-of-state defendant. Instead,

---

[3] Defendant contends that this is a mere legal conclusion. However, while the allegation tracks the language of the federal venue statute, it also contains factual information from which the court can infer that the alleged violation of the Franchise Rule occurred in North Carolina.

plaintiff wishes to invoke the UDTPA against a North Carolina corporation whose alleged bad acts occurred within the state of North Carolina. In this situation, § 1-75.4(3) controls.

Addressing now the second step in the personal jurisdiction inquiry, it is uncontroverted that a state may exercise personal jurisdiction where a defendant commits wrongful acts within the state. See Hess v. Pawloski, 274 U.S. 352, 355-56 (1927). Again, for the reasons discussed above, the court concludes defendant's alleged wrongful act occurred in North Carolina. In sum, as both steps indicate personal jurisdiction exists, there is no due process issue with the application of the UDTPA on the ground that the court is lacking personal jurisdiction.

Turning next to the defendant's second due process argument, attenuated connection of North Carolina to the cause of action, again defendant's objection must be overruled. Here, the conduct giving rise to the cause of action, and the application of North Carolina law, does not have an attenuated, but instead has an intimate connection to North Carolina. As previously discussed, the contract was negotiated in the North Carolina, the contract applies North Carolina law, and as such the court may infer that any violation of the Franchise Rule occurred in North Carolina.

Lastly, the court turns to defendant's argument that application of the UDTPA must be constrained by the Commerce Clause. The Fourth Circuit has noted the Act is intended to address "primarily local concerns." See ITCO Corp. v. Michelin Tire Corp. Com. Div., 722 F.2d 42, 48 n.9 (4th Cir. 1983). Under the facts presented to the court at this stage, the court cannot conceive of concern more local than the regulation of an in-state business' in-state conduct. Therefore, defendant's objection as it relates to the Commerce Clause is also overruled.

The court does not reach its conclusion in a vacuum. Instead, this result is supported by cases applying the Act in analogous circumstances. See Verona v. U.S. Bancorp, No. 7:09-CV-057-

8

Case 5:14-cv-00076-FL   Document 31   Filed 01/05/15   Page 8 of 12

BR, 2011 WL 1252935 (E.D.N.C. Mar. 29, 2011); Ada Liss Grp. v. Sara Lee Corp., No. 06CV610, 2010 WL 3910433, at *13-14 (M.D.N.C. Apr. 27, 2010). Those cases applied the UDTPA to acts occurring within North Carolina, without regard to the Due Process or Commerce Clause issues advanced by defendant. Verona, 2011 WL 1252935, at *15; Ada Liss, 2010 WL 3910433, at *13. These cases highlight both the importance of evaluating in-state conduct differently and the ability of North Carolina to regulate conduct occurring within the state.

      **b.**      **Sufficiency of the UDTPA Claim**

The court turns next to defendant's argument that plaintiff has not alleged sufficient facts to support its UDTPA claim.

Defendant first objects to the magistrate judge's determination that plaintiff had sufficiently pleaded the "commerce" element. (DE 25, at 12). However, defendant's commerce argument is identical to its argument contesting the applicability of the UDTPA in this case. The argument turns entirely on whether commerce requires a "substantial detrimental impact on plaintiff's North Carolina business operations." (DE 22, at 2-3). This is not "commerce" as it must be pleaded to state a claim. Commerce, as defined by the statute, refers to "all business activities, however denominated, but does not include professional services rendered by a member of a learned profession." N.C. Gen. Stat. § 75-1.1(b). Defendant's argument regarding in-state injury has been addressed exhaustively earlier. Regarding the "commerce" element of the *prima facie* case, plaintiff has satisfied this element by alleging that it was engaged in business with defendant, which does not provide professional services, as defined under the statute. (Compl. ¶¶ 6, 14, 19).

Defendant also argues that plaintiff has failed to sufficiently plead substantial aggravating circumstances. Generally, a plaintiff must allege egregious or aggravating circumstances when the

9

UDTPA claim arises from a contractual obligation. See Beverage Sys. of the Carolinas, LLC v. Associated Beverage Repair, LLC, 762 S.E.2d 316, 325 (N.C. App. 2014); see also Broussard, 155 F.3d at 345-47 ("The courts differentiate between contract and deceptive trade practice claims, and relegate claims regarding the existence of an agreement, the terms contained in an agreement, and the interpretation of an agreement to the arena of contract law."); Kelly v. Georgia-Pacific, LLC, 671 F. Supp. 2d 785, 799 (E.D.N.C. 2009) ("Under North Carolina law, a breach of warranty alone is insufficient to state a UDTPA claim."). The facts as presently alleged do not require plaintiff to allege aggravating or egregious circumstances. As alleged, the disclosures required under the Franchise Rule do not form part of the underlying contract. Instead, the disclosure requirement arises from federal law, which provides that the failure to disclose is in itself an unfair or deceptive act. 16 C.F.R. § 436.2. The court reserves ruling on whether further factual developments in this case, regarding the negotiations and underlying relationship between the parties, may necessitate plaintiff to bring forth evidence of egregious or aggravating circumstances to support a UDTPA claim in this case.

Defendant has not made a specific objection to the other two elements of a UDTPA claim. Therefore, the court declines to discuss them. Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the M&R. Defendant's motion to dismiss (DE 6) is DENIED.

**B.    Motion to Withdraw**

Defendant's local counsel now seek to withdraw, in motion filed December 3, 2014, to which no response has been made. (DE 28). Good cause having been shown, that motion (DE 28) is ALLOWED.

**C.  Motion for Entry of Default**

Plaintiff made a motion December 11, 2014, for entry of default, predicated upon defendant's failure to date to obtain new counsel, where lead counsel earlier was allowed to withdraw and no counsel subject to Rule 11 certification has made an appearance. Defendant has not failed to defend, in fact, while not availing, defendant mounted through former counsel a very spirited defense of the action. The contours of Rule 55 are not susceptible to the argument mounted here, without benefit of any supporting case law. Plaintiff's motion is DENIED.

**D.  Issue Concerning Counsel**

The court's consideration of issue concerning counsel for the corporate defendant does not end with decision on plaintiff's motion for entry of default, however. Under 28 U.S.C. § 1654, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The right to conduct a case personally, however, does not extend to corporations, partnerships, or associations in federal court. "[A] corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993); see also RZS Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 354 n.3 (4th Cir. 2007).

Defendant must secure counsel to represent it going forward, where the stay of this case now is LIFTED. Having denied the Rule 12 motion, the court sets now a deadline for defendant's

11

responsive pleading of February 12, 2015, which pleading shall be filed on its behalf by counsel, whose appearance shall be duly noted on the record. Unless good cause be shown why the court should not defer to the parties' joint report of record, a case scheduling order will be entered after defendant's response is made, with reference to same.

## CONCLUSION

Upon *de novo* review of those portions to the M&R to which objections were raised, and upon considered review of those portions to which no such objection has been filed, for the reasons given, the court overrules defendant's objections. Accordingly the court ADOPTS the M&R as set forth herein. Defendant's motion to dismiss for failure to state a claim upon which relief can be granted is DENIED. (DE 6). With regard to the other issues raised in this case, the motion to withdraw as counsel is GRANTED. (DE 28). Plaintiff's motion for entry of default is DENIED. (DE 29). Stay is hereby LIFTED. Defendant shall have until February 12, 2015, to make its responsive pleading through counsel, whose appearance shall be duly noted on the record. Unless good cause be shown why the court should not defer to the parties' joint report of record, a case scheduling order will be entered after defendant's response is made, with reference to same.

SO ORDERED, this the 5th day of January, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge